UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re KONARK RANCHES, LLC,<br><br>   Debtor,<br><br>RANDALL PARKER,<br><br>   Plaintiff,<br><br>   v.<br><br>STAR NUT, CO., et al.,<br><br>   Defendants. | No. 1:21-cv-0271-DAD<br><br>ORDER DENYING DEFENDANT STAR NUT, CO.'S MOTION TO WITHDRAW REFERENCE AND CLOSING THIS CASE<br><br>(Doc. No. 1) |

This matter is before the court on a motion to withdraw the reference of an adversary proceeding to the United States Bankruptcy Court for the Eastern District of California ("bankruptcy court") pursuant to 28 U.S.C. § 157(d), (e).[1]  (Doc. No. 1.)  The pending motion

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion.  While that situation was partially addressed by the U.S. Senate's confirmation of a district judge for one of this court's vacancies on December 17, 2021, another vacancy on this court with only six authorized district judge positions was created on April 17, 2022.  For over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants.  That situation resulted in the court not being able to issue orders in submitted civil matters within an acceptable period of time and continues even now as the undersigned works through the predictable backlog.  This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

was filed on February 26, 2021 by defendant Star Nut, Co. ("Star Nut"). (*Id.*) For the reasons set forth below, the court will deny defendant Star Nut's pending motion without prejudice.

## BACKGROUND

On October 31, 2018, Konark Ranches, LLC (the "debtor") filed a petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code in bankruptcy court. (*See* Doc. No. 1 at 14.) On October 30, 2020, the appointed trustee of the debtor's estate, plaintiff Parker, initiated an adversary proceeding against defendants Star Nut; Shalini's Ag, LLC; Naveen Kumar Ravela; Shalini Yalavarthi; Vishweshwar Ghanakota; Praveen Ravela; Rohith Yalavarthi; Rajkishan Arikapudi; Lions Express LLC; and Does 1–99. *See Parker v. Star Nut, Co. et al.*, No. 1:20-ap-01061 (Bankr. E.D. Cal. 2020) (hereinafter "Adversary Proceeding"). Therein, plaintiff alleges the following causes of action: (1) avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a); (2) preference avoidance pursuant to 11 U.S.C. § 547; (3) recovery of avoided transfers pursuant to 11 U.S.C. § 550; (4) preservation of avoided transfers pursuant to 11 U.S.C. § 551; (5) conversion; (6) violation of producer lien law pursuant to the California Food and Agricultural Code §§ 55631–33; and (7) declaratory relief. (Adversary Proceeding, Doc. No. 1 at 9–19.)

Defendants Star Nut, Vishweshwar Ghanakota, Praveen Ravela, Rohit Yalavarthi, and Rajkishan Arikapudi filed their respective answers to the adversary complaint. (Adversary Proceeding, Doc. Nos. 29, 32, 37, 39.) Defendants Naveen Kumar Ravela, Shalini's Ag, LLC, Shalini Yalavarthi, and Lions Express LLC did not respond to the adversary complaint, and the bankruptcy court entered default as to these defendants on December 11, 2020. (Adversary Proceeding, Doc. Nos. 16, 18, 20, 22.)

On February 25, 2021, in the adversary proceeding, defendant Star Nut filed a motion to withdraw reference of the adversary proceeding to the bankruptcy court, and the Deputy Clerk of the bankruptcy court issued a notice instructing the parties that they "may file with the Clerk of the Bankruptcy Court . . . their written responses to the Motion to Withdraw the Reference within 10 days of the date of this notice." (Adversary Proceeding, Doc. Nos. 46, 53.) Plaintiff did not file a response to the motion.

/////

On February 26, 2021, the Deputy Clerk of the bankruptcy court transmitted the pending motion to withdraw reference to this district court, thereby initiating this action. (Doc. No. 1.) Aside from the pending motion to withdraw reference, there have been no further filings on the docket in this civil action.[2]

## LEGAL STANDARD

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, "district courts have original jurisdiction over bankruptcy cases and related proceedings," but "'each district court may provide that any or all' bankruptcy cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'" *Wellness Int'l. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015) (quoting 28 U.S.C. § 157(a)); 28 U.S.C. § 1334(a), (b). This court has thus referred all bankruptcy matters to the district's bankruptcy judges. *See* General Orders 182, 223. Nonetheless, a district court may "withdraw, in whole or in part, any case or proceeding referred" to the bankruptcy judges under 28 U.S.C. § 157(a) "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues." *In re SK Foods, L.P.*, 2:13-cv-01363-LKK, 2013 WL 5494071, at *2 (E.D. Cal. Oct. 1, 2013). "Withdrawal of the reference is . . . required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." *In re Casmiro*, No. 1:06-cv-00028-AWI-SMS, 2006 WL 1581897, at *4 (E.D. Cal. June 6, 2006); *see also In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented.").

## ANALYSIS

In the pending motion, defendant Star Nut argues that withdrawal of the reference is proper here because defendants Star Nut, Rohith Yalavarthi, and Rajkishan Arikapudi are entitled

---

[2] On June 2, 2022, plaintiff filed a notice of dismissal on the docket in the adversary proceeding under Rule 41(a)(1), but did not file a notice of dismissal in this civil docket. (Adversary Proceeding, Doc. No. 69 at 2.) This court's order does not address that notice, which remains pending in the bankruptcy court.

1  to a jury trial on certain of plaintiff's claims and they do not consent to the holding of a jury trial
2  in bankruptcy court. (Doc. No. 1 at 19.) However, the court need not reach the issue of whether
3  any of the defendants are entitled to a jury trial in this case because the court finds that the
4  pending motion is premature.³

"A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). Instead, even if a defendant is entitled to a jury trial in an action, "the bankruptcy court may retain jurisdiction over the action for pre-trial matters." *Id.* This system, whereby bankruptcy courts may oversee pretrial proceedings even in actions where a jury trial right exists, "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id*. at 787–88; *see also In re Kenai Corp.*, 136 B.R. 59, 62 (S.D.N.Y. 1992) ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the . . . relationship between the district courts and bankruptcy courts."); *Bell v. Lehr*, No. 2:13-cv-02483-MCE-KJN, 2014 WL 526406, at *4 (E.D. Cal. Feb. 7, 2014) (finding that withdrawing the reference of an adversary proceeding prior to the conclusion of discovery, settlement conferences, and motion practice "would waste judicial resources and increase delay and costs to the parties, as well as jeopardize the uniformity of bankruptcy administration").

Here, there is no indication that pretrial proceedings have concluded in the adversary proceeding. To the contrary, defendant Star Nut filed the pending motion on February 25, 2021, shortly after the answers to the adversary complaint were filed and just a few weeks after the bankruptcy court issued a scheduling order in the adversary proceeding providing for the close of

/////

---

³ Because the court does not reach the merits of defendant Star Nut's arguments relating to defendants' Seventh Amendment right to a jury trial in this action, the court need not address defendant Star Nut's request for judicial notice in support of its pending motion. (*See* Doc. No. 1 at 36–38.)

fact discovery on December 31, 2021, the close of expert discovery on March 14, 2022, and a dispositive motion filing deadline of June 16, 2022. (Adversary Proceeding, Doc. No. 44 at 2.)

Furthermore, although defendant Star Nut argues that plaintiff "has alleged garden variety non-core state law legal damage claims that do not depend upon bankruptcy law for their existence" (Doc. No. 1 at 34), Star Nut does not argue that defendants will be prejudiced in any way by the bankruptcy court conducting pretrial proceedings in this action. *See In re Kenai Corp.*, 136 B.R. at 62 (denying motion to withdraw reference where "[q]uite simply, defendants have not shown that they will suffer any measurable injury or prejudice if the case is not withdrawn now.") (quoting *Bus. Commc'ns, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D. Ill. 1991)).

In addition, the court is unpersuaded by defendant Star Nut's conclusory assertion that withdrawing the reference at this time "will promote the efficient use of judicial resources, as well as the parties['], and will avoid any risk of contradictory results or running afoul of the Seventh Amendment which guarantees Star Nut and the other defendants the right to have a jury determine issues of fact." (Doc. No. 1 at 35.) The underlying bankruptcy proceedings in this case have been pending in the bankruptcy court since 2018. Accordingly, "[t]he bankruptcy court's knowledge of bankruptcy law and familiarity with the underlying facts of the action weigh in favor of keeping pre-trial matters with the bankruptcy judge." *Hjelmeset v. Cheng Hung*, No. 5:17-cv-05697-BLF, 2018 WL 558917, at *5 (N.D. Cal. Jan. 25, 2018); *see also Ferlmann v. Prasad*, No. 1:15-cv-02229-JAM-EFB, 2016 WL 427019, at *3 (E.D. Cal. Feb. 4, 2016) ("[The] savings in judicial economy [from keeping pretrial proceedings in the bankruptcy court] are all the more evident in this case, in which the underlying proceedings have been pending in the bankruptcy court [for over five years]. The bankruptcy court therefore has great familiarity with this case, while this Court does not."); *Bell*, 2014 WL 526406, at *2 (finding that "efficiency and judicial economy demand that the Bankruptcy Court continue to handle all pretrial matters" where "the Bankruptcy Court has been handling the underlying Bankruptcy case and related adversary proceedings" for multiple years and thus is "intimately familiar" with the case). Moreover, even assuming without deciding that certain defendants are entitled to a jury trial in this action, defendant Star Nut cites no authority in support of the proposition that the bankruptcy

5

1  court conducting pretrial proceedings will "run[] afoul" of their Seventh Amendment rights.
2  (Doc. No. 1 at 35.)  *See Hjelmeset*, 2018 WL 558917, at *4 ("[E]ven if [defendant] is ultimately
3  correct that he has the right to a jury trial and he does not consent to a final order by the
4  bankruptcy court, it is still proper for the proceeding to stay in the bankruptcy court for discovery,
5  pre-trial litigation, and pre-trial dispositive motions.").

6  Therefore, the court finds that withdrawal of the reference of the adversary proceeding
7  would be premature at this time.  *See In re Healthcentral.com*, 504 F.3d at 788 ("Only by
8  allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do
9  we ensure that our bankruptcy system is carried out.") (emphasis in original).  Defendant Star Nut
10 may renew its motion to withdraw the reference upon a finding by the bankruptcy court that all
11 pretrial proceedings in this adversary proceeding have concluded.  *See Bell*, 2014 WL 526406, at
12 *3; *see also In re Kenai Corp.*, 136 B.R. at 62 ("If this case proceeds to trial, defendant may
13 renew its motion at that time.").

## CONCLUSION

15 For the reasons stated above, defendant Star Nut's motion to withdraw the reference (Doc.
16 No. 1) is denied without prejudice.

17 The Clerk of the Court is directed to transmit a copy of this order to the United States
18 Bankruptcy Court, Eastern District of California, for filing as a related document on the docket of
19 the adversarial proceeding *Parker v. Star Nut, Co., et al.*, No. 1:20-ap-01061.

20 The Clerk of the Court is also directed to close this case.

21 IT IS SO ORDERED.

22 Dated:  **June 8, 2022**

23                                                            UNITED STATES DISTRICT JUDGE